**AFFIRMED; Opinion Filed November 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00723-CR

### AARON HOWARD KLOEPFER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81623-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Appellant Aaron Howard Kloepfer appeals from the judgments adjudicating him guilty of two offenses: (1) continuous sexual abuse of a young child with a sentence of thirty-seven years imprisonment; and (2) indecency with a child by contact with a sentence of ten years imprisonment. Appellant asserts two points of error: (1) the trial court erred in submitting a charge that allowed the jury to find appellant guilty of an additional offense committed within the same time frame as the acts comprising the continuous sexual abuse in violation of the double jeopardy clause; and (2) appellant was not afforded effective assistance of counsel. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

**BACKGROUND**

On May 23, 2012, a high school resource officer made a report to police that a student, M.R., was the potential victim of sexual abuse. Following this report, a forensic interview with M.R. was conducted by the Children's Advocacy Center. Appellant was subsequently charged with two offenses in the indictment—continuous sexual abuse of a young child and indecency with a child by contact. Count one, continuous sexual abuse of a young child, was alleged in the indictment as follows:

> during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [M.R.], said acts of sexual abuse having been violations of one or more of the following penal laws, including:
>
> aggravated sexual assault of a child, intentionally and knowingly cause the penetration of the female sexual organ of [M.R.], a child then younger than fourteen (14) years of age and not the spouse of the defendant by means of defendant's male sexual organ;
>
> AND/OR
>
> aggravated sexual assault of a child, intentionally and knowingly cause the female sexual organ of [M.R.], a child then younger than fourteen (14) years of age, and not the spouse of the defendant, to contact the male sexual organ of the defendant;
>
> AND/OR
>
> aggravated sexual assault of a child, intentionally and knowingly cause the penetration of the female sexual organ of [M.R.], a child then younger than fourteen (14) years of age and not the spouse of the defendant by means of defendant's finger;
>
> AND/OR
>
> indecency with a child, by intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engage in sexual contact by touching part of the genitals of [M.R.], a child younger than seventeen (17) years of age and not the spouse of the defendant, by means of defendant's hand;
>
> AND/OR
>
> aggravated sexual assault of a child, intentionally and knowingly cause the penetration of the mouth of [M.R.], a child then younger than fourteen (14) years of age and not the spouse of the defendant by means of defendant's male sexual organ;

AND/OR

aggravated sexual assault of a child, intentionally and knowingly cause the female sexual organ of [M.R.], a child then younger than fourteen (14) years of age, and not the spouse of the defendant, to contact the mouth of the defendant;

AND/OR

aggravated sexual assault of a child, intentionally and knowingly cause the anus of [M.R.], a child then younger than fourteen (14) years of age, and not the spouse of the defendant, to contact the male sexual organ of the defendant; and each of the aforementioned acts of sexual abuse were committed on more than one occasion and, at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen ( 17) years of age or older and [M.R.] was a child younger than fourteen (14) years of age.

Count two, indecency with a child by contact, was alleged in the indictment as "intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engage in sexual contact by touching the breast of [M.R.], a child younger than seventeen ( 17) years of age and not the spouse of the defendant, by means of defendant's hand."

Appellant pled not guilty to the two offenses and his trial commenced in May 2013. During trial the State offered the DVD of the forensic interview between M.R. and the Children's Advocacy Center. The trial court admitted the DVD testimony and appellant's attorney did not object to its admission based on his trial strategy. In regard to this issue, the trial court, appellant's attorney (Mr. Edgett) and the State's attorney (Ms. Cook) had the following exchange:

| | |
|---|---|
| THE COURT: | The State intends to offer the forensic interview as a result of trial strategy based on our informal conversation. As a result of trial strategy, Defense has elected not to object; is that correct? |
| MR. EDGETT: | That's correct, Your Honor. |
| MS. COOK: | I – |
| THE COURT: | Yes, go ahead. |
| MS. COOK: | I want to say that the victim is here. [M.R.] is here and has been sworn in and is available to testify if needed also. |

–3–

THE COURT:     Having heard the evidence at this point and having observed, I do find that this is sound trial strategy.

On May 8, 2013, the jury found appellant guilty of both offenses. The trial court set punishment at thirty-seven years for continuous sexual abuse of a young child and ten years for indecency with a child by contact. After the trial court denied appellant's motion for a new trial, he filed this appeal.

ANALYSIS

## I.     The Double Jeopardy Clause

Appellant contends that the trial court erred in submitting a jury charge that allowed the jury to find appellant guilty of an additional offense committed within the same time frame as the acts comprising the continuous sexual abuse charge.

### A.     Standard of Review

The Fifth Amendment's double jeopardy clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The double jeopardy clause protects an accused against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165 (1977).

To determine if an accused has been charged with multiple punishments for the same offense, as appellant alleges here, courts use the "same elements" or "*Blockburger* test." *See Blockburger v. U.S.*, 284 U.S. 299 (1932). The *Blockburger* test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an element which the other does not. *Id.* at 304.

**B.      No Violation of the Double Jeopardy Clause**

In his first issue, appellant argues that he should not have been punished for both continuous sexual assault and indecency with a child because it results in double jeopardy. We disagree for the reasons set forth below.

Section 21.02 of the Texas Penal Code sets out the offense of continuous sexual abuse:

A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). An "act of sexual abuse" described in section 21.02(a) means any act that is a violation of one or more of the following penal laws:

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner *other than by touching, including touching through clothing, the breast of a child*;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);

(6) sexual performance by a child under Section 43.25;

(7) trafficking of persons under Section 20A.02(a)(7) or (8); and

(8) compelling prostitution under Section 43.05(a)(2).

*Id.* § 21.02(c) (emphasis added). Within section 21.02, there is also language regarding multiple punishments for continuous sexual abuse:

> A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):
>
> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

*Id.* § 21.02(e).

As the statute provides above, a defendant cannot be convicted of continuous sexual assault and aggravated sexual assault of the same child if the aggravated sexual assault and the continuous sexual abuse occurred within the same time periods. In this instance, however, appellant was convicted of indecency with a child and continuous sexual abuse. The conviction of indecency with a child was based upon appellant's touching of M.R.'s breast. The act of *touching* a breast was expressly excluded from the "acts of sexual abuse" described in section 21.02(a) and was not included in the acts of aggravated sexual assault described in section 22.021.[1] Although section 21.02(c) does provide that indecency with a child, if committed in a manner *other than by touching* the breast of a child, is an act of sexual abuse for purposes of continuous sexual abuse, that was not the basis of appellant's conviction. Here, appellant was convicted of the offense of indecency with a child for *touching* M.R.'s breast. This act was

---

[1] A person commits aggravated sexual assault if the person intentionally or knowingly: (i) causes the penetration of the anus or sexual organ of a child by any means; (ii) causes the penetration of the mouth of a child by the sexual organ of the actor; (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014).

specifically excluded from acts that may constitute sexual abuse under section 21.02(c) and cannot support a charge of continuous sexual abuse. In addition, the indecency with a child charge requires proof of touching a child's breast which is not required for a charge of continuous sexual abuse of a child. Therefore, under the *Blockburger* test, there are two separate offenses and a violation of the double jeopardy clause has not occurred. We overrule appellant's first issue.

## II.      Effective Assistance of Counsel

In his second issue, appellant contends that he was not afforded effective assistance of counsel because his trial court counsel did not object to the admission of a videotaped statement of the alleged victim.

### A.      Standard of Review

Texas courts apply the two-pronged *Strickland* test to determine whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (U.S. 1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* two-prong test for criminal cases in Texas.). Under this two-part test, appellant must establish that: (1) counsel's performance was deficient and that his assistance fell below an objective standard of reasonableness; and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687. Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order to satisfy the first prong, appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson  v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Further, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To prove the second prong, appellant must show that there is a reasonable probability, or a

probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142.

### B. Appellant Was Afforded Effective Assistance of Counsel

Appellant contends that he failed to receive effective assistance of counsel because his attorney did not object to the admission of M.R.'s videotaped interview. Appellant appears to argue that trial counsel should have made a hearsay objection to disallow the videotaped testimony. This argument is unpersuasive for several reasons.

First, as stated above, counsel and the trial judge discussed this issue on the record and appellant's counsel stated that his decision not to object to the videotaped testimony was a conscious decision and a "trial strategy." This occurred although M.R., then seventeen years old, was present in the courtroom and ready to testify before the jury. The trial court even noted that counsel's decision not to object was a "sound trial strategy" based on the evidence at issue. We ordinarily will not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Without evidence of the strategy employed, we will presume sound trial strategy. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance of trial counsel claim on direct review. *Trevino v. Thaler,* 133 S. Ct. 1911, 1918 (2013). This is because the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)).

Further, we disagree with appellant's argument that he would not have been found guilty of continuous sexual abuse had the trial court sustained a hearsay objection to the videotaped testimony. As stated above, appellant must demonstrate that but for counsel's professional

errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687. Here, the State noted, on the record, that the alleged victim was present and available to testify if needed. Therefore, even if the trial court had sustained the hearsay objection to the videotaped testimony, the State would simply have called M.R. to testify. Accordingly, appellant is unable to show there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's alleged error. For these reasons, we resolve the second issue against appellant.

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
130723F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AARON HOWARD KLOEPFER, Appellant

No. 05-13-00723-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-81623-2012.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of November, 2014.